In the Matter of ARTHUR D. KINNEY, an Attorney, Respondent.

First Department, June 22, 1935.

*Einar Chrystie*, for the petitioner.

*Arthur D. Kinney*, respondent in person.

MARTIN, P. J. The respondent was admitted to practice as an attorney and counselor at law of the State of New York on June 12, 1911, at a term of the Appellate Division of the Supreme Court, First Department, and has been engaged in practice as such attorney since his admission.

After hearings duly had before an official referee, he has been found guilty of the conversion of the sum of $3,687.08, collected by him as ancillary administrator of the estate of William McAlister, deceased, which sum the National Surety Company, as surety on his bond as such administrator, was compelled to pay to the person entitled thereto.

On May 16, 1929, the respondent was appointed by the Surrogate's Court of New York county as ancillary administrator of the

goods, chattels and credits of William McAlister, late of the kingdom of Great Britain. On or about July 12, 1929, he received from the public administrator of the county of New York the sum of $6,069.33 belonging to said estate, and on July 12, 1929, deposited said amount in the Manufacturers Trust Company in a separate account, known as the account of the estate of William McAlister. Thereafter, between July 17, 1929, and February 28, 1933, the respondent withdrew the entire amount so deposited. On May 6, 1931, he filed in the Surrogate's Court, New York county, his account of proceedings as ancillary administrator of the estate of William McAlister, deceased, wherein he charged himself with $6,217.83, and credited himself with disbursements of $2,294.29, leaving a balance of $3,923.54 to be distributed to those entitled thereto, subject to his commissions and expense of accounting.

On June 23, 1931, a decree was entered by the Surrogate's Court, New York county, approving said account and awarding to the respondent $208.46 for commissions and the further sum of $28 for costs and disbursements, and directing that the balance of $3,687.08 be paid over to the attorney in fact for John McAlister, the heir at law of William McAlister, deceased. No part of said sum has been paid.

The respondent, a witness in his own behalf in this proceeding, testified under oath, when questioned regarding the disposition of the money which came into his hands as ancillary administrator of the estate of William McAlister, deceased, as follows: " Q. Have you now in your hands in any bank account, or in any trust company, or in any safe deposit box, any money or property belonging to the Estate of William McAlister, deceased? A. In regard to that, your Honor, I assert my constitutional privilege. Q. Mr. Kinney, the decree which is in evidence in this proceeding, the decree of the Surrogate's Court in the McAlister case, McAlister accounting, was entered in June, 1931; where was the money belonging to the McAlister Estate which you had received as administrator thereof at the time that the decree was entered and prior thereto? A. I refuse to answer, Mr. Chrystie. Q. On what grounds? A. That the answer might tend to degrade or incriminate me. Q. No other reason? A. No. Q. After you were unwilling to pay over to the beneficiary or the person entitled to the Estate any part of it because you considered the decree invalid, you paid unto yourself the costs and allowances granted by that same decree? A. Not all of it, because I was one hundred dollars in the hole in the case from the start. Q. You paid yourself at least $193.00 costs and allowances fixed by the decree which you deemed to be invalid? A. Right. Q. Where is the money belonging to the Estate at the

present time? A. I refuse to answer. Q. On what ground? A. On the ground it might tend to degrade or incriminate me."

It is now argued for the respondent that the charge of conversion has not been sustained because all that has been shown is that he deposited the money received in a bank and withdrew the same, but the disposition made by him of the withdrawn funds has not been proved by the petitioner. Respondent further says that he was justified in ignoring the direction of the decree of the Surrogate's Court to pay over the aforesaid balance to the attorney in fact for John McAlister, inasmuch as said decree was invalid, because said attorney in fact was not authorized to waive the issuance and service of a citation on John McAlister. That claim is made notwithstanding the fact that the respondent recognized the validity of said decree by paying to himself the commissions and costs allowed thereby.

The aforesaid contentions upon their face are untenable and absurd. The respondent does not claim to be possessed of the money in question or to be able and willing to account therefor. He and his attorney upon this proceeding are attempting to trifle with this court in offering the foregoing and other technical and equally untenable objections.

We are of the opinion that the respondent should be disbarred.

[McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent disbarred.